UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE FERNANDO CHAVEZ,

            Petitioner,

   v.

IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR,

            Respondent.

Case No. C23-1631-JNW-SKV

REPORT AND RECOMMENDATION

## I.   INTRODUCTION

Petitioner Jose Fernandez Chavez is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. Proceeding pro se, Petitioner brought this 28 U.S.C. § 2241 habeas action to obtain release from detention or a bond hearing. Dkt. 1-1. Now pending before the Court is the Government's Return Memorandum and Motion to Dismiss. Dkt. 6. Petitioner did not file a response. Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends the Government's Motion to Dismiss be GRANTED, Petitioner's habeas petition be DENIED, and this action be DISMISSED.

REPORT AND RECOMMENDATION - 1

## II.  BACKGROUND

Petitioner, a native and citizen of El Salvador, entered the United States in September 2021.  Dkt. 7, ¶3.  On January 20, 2023, U.S. Customs and Border Patrol (CBP) encountered Petitioner in Idaho.  *Id*.  Finding no record he had lawfully entered the United States or had any pending immigration applications, CBP detained and served Petitioner with a Notice to Appear, charging him as removable under Immigration and Nationality Act (INA) § 212(a)(6)(A)(i) for entering the United States without being admitted or paroled.  *Id*., ¶¶4-5.  Petitioner is currently detained at NWIPC pursuant to INA § 236(a), 8 U.S.C. § 1226(a), pending administrative immigration proceedings.  *Id*., ¶8.

On January 21, 2023, Petitioner asked that an Immigration Judge (IJ) review his custody determination.  Dkt. 8, Ex. C.  On February 9, 2023, Petitioner, represented by counsel, attended a bond hearing before an IJ.  Dkt. 7, ¶8.  At that hearing, Petitioner's counsel withdrew the request for a bond hearing without prejudice and waived appeal.  *Id*.; Dkt. 8, Ex. D (February 9, 2023 Order of the Immigration Judge).

Petitioner has not since filed a request for a bond hearing before an IJ.  Dkt. 7, ¶9.  He did, however, file an Application for Asylum and Withholding of Removal and, on August 8, 2023, appeared with counsel for a hearing on that application.  *Id*., ¶¶10-11.  The hearing on the application was continued to November 29, 2023.  *Id*., ¶11.

Petitioner filed the petition pending before this Court on October 23, 2023.  Dkt. 1-1.  In the petition, he asserts this his 265 days of confinement is excessive and in violation of his right to due process, and requests that the Court "order the Agency to release the Petitioner or to set a bond for the Petitioner's release or that the Petitioner be released on conditions."  *Id*. at 1, 6.  In its motion to dismiss, the Government argues that Petitioner's detention is lawful and comports

with due process, that he has not exhausted his administrative remedies, and that he is not entitled to a court-ordered bond hearing. Dkts. 6-7.

### III. DISCUSSION

Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of non-citizens, such as Petitioner, who are in removal proceedings. 8 U.S.C. § 1226; *see also Demore v. Kim*, 538 U.S. 510, 530 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). Section 1226(a) grants the Government the discretionary authority to determine whether a noncitizen should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the noncitizen falls within one of the categories of criminals described in § 1226(c), for whom detention is mandatory. 8 U.S.C. § 1226.

When a noncitizen is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1(c)(8). After the initial custody determination, the detainee may request a bond redetermination by an IJ. 8 C.F.R. § 236(d)(1). At the bond redetermination hearing, the burden is on the detainee to show to the satisfaction of the IJ that he warrants release on bond. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). In making a bond decision under § 1226(a), an IJ must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Id*. (citing *In re Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976)). An IJ may also consider any number of discretionary factors, including: (1) whether the detainee has a fixed address in the United States; (2) the detainee's length of residence in the United States; (3) the detainee's family ties in the United States, and whether they may entitle the detainee to reside permanently in the United States in the future; (4) the

REPORT AND RECOMMENDATION - 3

detainee's employment history; (5) the detainee's record of appearance in court; (6) the detainee's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the detainee's history of immigration violations; (8) any attempts by the detainee to flee persecution or otherwise escape authorities; and (9) the detainee's manner of entry to the United States. *Id*.

If the IJ denies bond, the detainee may appeal to the Board of Immigration Appeals (BIA). 8 C.F.R. § 236.1(d)(3). If the BIA affirms the IJ's decision, the detainee may seek habeas relief from the district court. *Leonardo v. Crawford*, 646 F.3d 1157, 1159-61 (9th Cir. 2011); *Sun v. Ashcroft*, 370 F.3d 932, 941 (9th Cir. 2004). Also, once an IJ has made an initial bond redetermination, a detainee may request another bond redetermination, in writing and showing that the detainee's circumstances have changed materially since the prior bond redetermination. 8 C.F.R. § 1003.19(e).

The parties here agree that this case is governed by 8 U.S.C. § 1226(a). *See* Dkt. 1-1 at 3-4; Dkt. 7, ¶8. A noncitizen detained under § 1226(a) is entitled to release only if he can show that his detention is indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1062-63 (2008) (holding detention was not indefinite because detainee could be repatriated to Mexico if his petition for review was unsuccessful). Petitioner does not assert that ICE will not be able to remove him if he is ultimately ordered removed. *See* Dkt. 1-1. The Government asserts that, if there is a final order of removal and no stay of removal in Petitioner's immigration proceedings, it anticipates Petitioner's removal to El Salvador. Dkt. 7, ¶¶12-13. Petitioner does not, as such, show that his detention is indefinite and that he is entitled to immediate release.

REPORT AND RECOMMENDATION - 4

1    Nor does Petitioner show a violation of his right to due process.  Previously, Ninth
2   Circuit jurisprudence required noncitizens detained under § 1226(a) to be provided automatic
3   bond hearings every six months at which the government was required to justify continued
4   detention by clear and convincing evidence.  *Rodriguez v. Robbins*, 804 F.3d 1060, 1084-85,
5   1087 (9th Cir. 2015) ("Rodriguez III"), *rev'd sub nom. Jennings v. Rodriguez*, 583 U.S. 281
6   (2018).  The Supreme Court reversed, explaining the Ninth Circuit had misapplied the canon of
7   constitutional avoidance and "[n]othing in § 1226(a)'s text ... even remotely supports the
8   imposition of" periodic bond hearings where the government bears the burden.  *Jennings*, 283
9   U.S. at 306.  The Supreme Court did not decide whether the Constitution requires such periodic
10  hearings and remanded to the Ninth Circuit for consideration of that question.[1]

11   "Due process is flexible and calls for such procedural protections as the particular
12  situation demands."  *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).  To determine the
13  requirements of due process, courts consider (1) the private interest affected, (2) the
14  government's interest, and (3) the value added by alternative procedural safeguards to what has
15  already been provided in the particular situation before the court.  *Id*. at 334-35.  *See also Lopez
16  Reyes v. Bonnar*, 362 F. Supp. 3d 762, 775 (N.D. Cal. 2019) ("In the absence of binding
17  authority establishing a categorical right to a periodic bond hearing, the Court must conduct an
18  individualized due process analysis pursuant to the conventional [*Mathews*] factors.") (internal
19  quotation marks omitted); *Almaliki v. ICE Field Office Dir.*, C20-0344-MJP-MAT, 2020 WL
20  5238603, at *3 (W.D. Wash. Aug. 10, 2020) (applying *Mathews* due process analysis to
21  determine whether due process required subsequent bond hearing), *Report and Recommendation
22  adopted*, 2020 WL 5231324 (W.D. Wash. Sept. 2, 2020).

---

[1] The Ninth Circuit subsequently remanded to the district court.  *Rodriguez v. Marin*, 909 F.3d 252 (9th Cir. 2018) ("Rodriguez IV").

REPORT AND RECOMMENDATION - 5

Petitioner has been detained since January 21, 2023. This is a significant period of time and Petitioner's freedom from detention is an important interest that "lies at the heart of the liberty that [the Due Process] Clause protects." *Rodriguez III*, 804 F.3d at 1066. The Government likewise has an important interest in continuing Petitioner's detention as a mechanism to assure he will appear if ultimately ordered removed. *See Soto v. Sessions*, C18-2891, 2018 WL 3619727, at *4 (N.D. Cal. July 30, 2018) (citing 8 C.F.R. § 236.1(c)(8) (allowing release from detention if noncitizen "is likely to appear for any further proceeding" and "would not pose a danger to property or persons")). As to the third factor, the Government shows that Petitioner withdrew his request for a bond redetermination hearing before an IJ, Dkt. 8, Ex. D, and that Petitioner has not made another request for such a hearing, Dkt. 7, ¶¶9-11 (also noting that Petitioner has appeared before an IJ for other matters). Petitioner does not refute this showing. The Court, weighing the three *Mathews* factors in light of the current record, concludes that Petitioner has received all of the due process protections to which he is entitled at this time. *See, e.g., Cristobal v. Asher*, No. C20-1493-RSM-BAT, 2020 WL 8678097, at *3 (W.D. Wash. Dec. 14, 2020) (finding petitioner failed to establish a due process violation where he had been detained for fifteen months and was denied bond at an initial hearing, but did not seek a second redetermination hearing based on changed circumstances before filing a habeas petition; citing other cases from this Court denying similar requests), *Report and Recommendation adopted*, 2021 WL 796597 (W.D. Wash. Mar. 2, 2021).

The Court further finds that Petitioner's request for a court-ordered bond hearing is properly denied based on his failure to exhaust his administrative remedies. Petitioner did not address exhaustion in his petition, *see* Dkt. 1-1, and, as reflected above, has not refuted the Government's showing as to a failure to exhaust.

REPORT AND RECOMMENDATION - 6

Because it is prudential, rather than jurisdictional, the exhaustion requirement may be waived. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). When deciding whether to require prudential exhaustion, courts consider whether "'(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Id.* (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). Even if these factors weigh in favor of prudential exhaustion, waiver of exhaustion may be appropriate "'where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)).

The Court finds no basis for waiving the exhaustion requirement in this case. First, there has been no opportunity for the application of agency expertise in relation to a bond request from Petitioner. Second, allowing Petitioner to proceed with this action could encourage others to bypass the administrative scheme and promote the avoidance of seeking a bond redetermination hearing by the IJ or an appeal of an IJ order to the BIA. Third, the outcome of a bond redetermination by an IJ or a BIA decision on appeal may provide Petitioner with the relief sought in this proceeding and eliminate the need for any judicial review. The Court further considers that, while Petitioner may be able to present facts and argument that will justify waiver of the prudential exhaustion requirement, he has not done so at this time. The Court, for this reason and for the reasons stated above, finds the Government entitled to dismissal of this action.

/ / /

## IV. CONCLUSION

The Court, in sum, concludes that Petitioner fails to show he is entitled to either release from detention or a court-ordered bond hearing. The Court therefore recommends the Government's Motion to Dismiss, Dkt. 6, be GRANTED, Petitioner's habeas petition be DENIED, and this action be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

## V. OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 16, 2024**.

Dated this 25th day of January, 2024.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8